IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| INTERNATIONAL ASSOCIATION OF SHEET METAL WORKERS LOCAL 16; TRUSTEES OF THE OREGON SHEET METAL WORKERS MASTER RETIREMENT TRUST; THE SHEET METAL WORKERS #16 HEALTH TRUST; THE DIRECTORS OF THE COLUMBIA CHAPTER OF THE SMACNA INDUSTRY FUND, <br><br>       Plaintiffs, <br><br>    v. <br><br>COQUILLE SHEET METAL, INC., <br><br>       Defendant. | No. CV-10-1429-HU <br><br><br><br> FINDINGS & RECOMMENDATION |

Heidi Brown
Linda Larkin
BENNETT, HARTMAN, MORRIS & KAPLAN, LLP
111 SW Fifth Avenue, Suite 1650
Portland, OR 97204
      Attorneys for Plaintiff

HUBEL, Magistrate Judge:

Plaintiffs brought this action against defendant Coquille Sheet Metal, Inc. for breach of a collective bargaining agreement and violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(g)(2). An Order of Default [doc. #8] was entered on January 26, 2011. Before the court is plaintiff's motion for default judgment [doc. #9]. For the reasons set forth below, I recommend denying the motion.

**FACTS**

Plaintiffs are authorized under a Collective Bargaining Agreement ("CBA") and Trust Agreements to collect fringe benefit contributions, governed by ERISA, from signatory employers. Defendant Coquille Sheet Metal, Inc. is an Oregon corporation and a signatory employer. Plaintiffs brought the instant ERISA action on November 19, 2010, to collect outstanding trust fund contributions, liquidated damages in the amount of 20% of the delinquent contributions, interest at 18%, reasonable attorney fees and costs. Compl. ¶ 16.

According to plaintiffs, defendant failed to make the contributions due for August and September 2010, which total $4,181.80. Compl. ¶¶ 17, 18. Interest totals $52.18. Compl. ¶ 20. Attorneys fees total $1500. Affidavit Heidi Brown ¶ 8 Ex. 5. Costs total $410.90. Id. According to the body of the Complaint, the liquidated damages allegedly total $972.58. Compl. ¶ 19. In the prayer for relief, however, and in the Affidavit of Heidi Brown, plaintiffs allege that liquidated damages total $3,275.86. See Compl. ¶ 23; Affidavit Heidi Brown ¶ 6.

///

2 - FINDINGS AND RECOMMENDATION

The Union Agreement's Addendum VI, The Supplementary Agreement on Fringe Benefits provides:

> In the event an Employer fails to make any of the contributions or payments as required, such Employer shall become liable for and be required to pay:
>
> (a) The unpaid contributions; and
>
> (b) Liquidated damages (to compensate for related administrative and collection efforts which may be difficult to assess and to conform to ERISA 502(q)(2)), which shall be the largest of the following:
>
>> 1. A maximum of 20% of the unpaid contributions per fund, but no more than $750.00 for local funds.
>>
>> 2. $25.00 per fund
>
> (c) Liquidated damages to compensate the Trust for loss of investment of the unpaid contributions, which shall be computed as interest on the unpaid contributions from the delinquency date (currently the 20th of the payment due month) to date of payment, at eighteen percent (18%) per annum.

Brown Aff. Ex. 1, at 15. The Trust Amendment 2002-1 to Trust Agreement for Oregon Sheet Metal Workers Master Retirement Trust, however, contains a different liquidated damages clause:

> In the event of delinquency as to any contribution or report or both, the Employer shall be liable for:
>
> . . . .
>
> (b) liquidated damages to compensate the Trust for loss of investment of the unpaid contributions, which shall be computed as interest on the unpaid contributions from the delinquency date (currently the twentieth of the payment due month) to date of payment, at the following rate per annum; eighteen percent (18%) on and after August 1, 1991; and
>
> (c) liquidated damages to compensate for related administrative and collection effort which may be difficult to conform to ERISA § 502(g)(2), which on and after January 1, 2002 for this Trust shall be:
>
>> (1) A minimum of $50 per delinquency per fund; or
>>
>> (2) Twenty percent (20%) of the unpaid

3 - FINDINGS AND RECOMMENDATION

>     contributions if greater than (1) and less
>     than (3); or
>
> (3) A maximum of $1,500 per delinquency (per fund)

Brown Aff. Ex. 2, at 3. Similar clauses to the second quote appear elsewhere in the Affidavit's exhibits. See Brown Aff. Ex. 2, at 8; Ex. 3, at 1; Ex. 3, at 6, Ex. 4, at 1; Ex. 4, at 6.

## DISCUSSION

Due process requires plaintiffs seeking default judgements to make out a prima facie case showing entitlement to judgment. TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987). Federal Rule of Civil Procedure 55 provides that a clerk may enter a default judgment "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." Fed. R. Civ. P. 55(b)(1). In order for a court to enter a default judgment, it needs to conduct an accounting, determine the amount of damages, and establish the truth of any allegation by evidence. See Fed. R. Civ. P. 55(b)(2)(A)-(C). This court has previously held that in trust fund contribution cases, in order to be entitled to a default judgment plaintiffs must include a breakdown of the calculations in a format for easy review of the principal amount owed, the date it was paid, the interest for that month, and the liquidated damages for that month. Tr. of the Plumbers and Pipefitters Nat. Pension Fund v. Scott Co. of Cal., No. CV-03-1099-HU, 2003 WL 24015255, at *3 (D. Or., Oct. 10, 2003).

In cases where trusts seek unpaid dues from signatory employers, the prima facie case begins with the submission of the master agreements that show the trusts are entitled to collect contributions each month. Submission of the master agreements,

4 - FINDINGS AND RECOMMENDATION

however, is only one component of making a prima facie case. Documentation showing the computations is also required.

Typically in the instant type of case the trusts will perform an audit of the non-paying signatory employer's financial records for the months in question. The audit records will be reviewed by an accountant or similarly qualified professional to determine the proper amount of unpaid contributions. When moving for a default judgment, the moving plaintiff will submit a declaration from the accountant stating that he or she reviewed the audit records, that certain employees worked for a certain number of hours at a certain rate, and then calculate the contributions due under the agreements. Typically the accountant will include a spreadsheet showing his or her calculations showing how the unpaid dues were calculated for the months in question.

Although the above procedure is not mandatory, it ensures that the court has the proper record from which to "make the sum certain by computation" to support a default judgment.

After reviewing the submitted materials, I cannot recommend granting a default judgment at this juncture. Although the agreements submitted demonstrate the plaintiffs' contractual right to receive payments from the defendant, plaintiffs failed to submit any documentation beyond their bare conclusions supporting the amounts due for the August and September 2010 contributions. Moreover, the record does not contain any documentation showing which formulation for the liquidated damages was used or how they were calculated. The absence of documentation, together with the discrepancy in the Complaint about whether liquidated damages total $972.58, $3,275.86, or some other amount, dictates that a default

5 - FINDINGS AND RECOMMENDATION

judgment should not be entered on the record as it exists now.

**CONCLUSION**

Defendant's motion for default judgment [doc. #9] should be denied with leave to reapply on a proper record.

**SCHEDULING ORDER**

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due April 26, 2011. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due May 13, 2011. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

                Dated this <u>8th</u> day of <u>April</u>, 2011.

                /s/ Dennis J. Hubel

                _____
                Dennis James Hubel
                United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION