**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

INTERNATIONAL ASSOCIATION OF SHEET )
METAL WORKERS LOCAL 16; TRUSTEES OF )
THE OREGON SHEET METAL WORKERS MASTER)
RETIREMENT TRUST; THE SHEET METAL    )   **NO. 10-CV-01429-HU**
WORKERS #16 HEALTH TRUST; AND THE    )
DIRECTORS OF THE COLUMBIA CHAPTER    )
OF THE SMACNA INDUSTRY FUND;         )
                                     )
           Plaintiffs,               )   **FINDINGS AND**
                                     )   **RECOMMENDATION ON**
vs.                                  )**MOTION FOR DEFAULT JUDGMENT**
                                     )
COQUILLE SHEET METAL, INC.,          )
                                     )
           Defendant.                )

_____

Heidi K. Brown
Linda J. Larkin
Bennett, Hartman, Morris & Kaplan, LLP
210 S.W. Morrison Street, Suite 500
Portland, OR 97204-3149

     Attorneys for Plaintiffs


HUBEL, Magistrate Judge:

   The plaintiffs in this ERISA action return for a renewed attempt to obtain entry of a default judgment against the defendant. On January 25, 2011, I entered an order of default against the defendant for failure to plead or respond to the Complaint. Dkt. #8. The plaintiffs then filed a motion for default judgment. I entered Findings and Recommendation on the plaintiffs' motion for judgment, recommending the motion be denied because the plaintiffs had failed to meet their burden to

1 - FINDINGS AND RECOMMENDATION

substantiate the damages requested. Dkt. #12, Findings & Recommendation entered April 8, 2011. The plaintiffs concurred with my findings and recommendation, acknowledging that errors and omissions were made in their previous motion. Dkt. #14. On May 5, 2011, District Judge Michael W. Mosman adopted my Findings and Recommendation as his own, and denied the plaintiffs' previous motion for entry of judgment. Dkt. #15.

In the plaintiffs' amended motion for judgment, Dkt. #21, and the supporting Amended Affidavit of attorney Linda J. Larkin, Dkt. #22, the plaintiffs have submitted additional evidence in support of their request for entry of judgment in their favor.

The Oregon Sheet Metal Workers Master Retirement Trust (the "Retirement Trust") and the Sheet Metal Workers #16 Health Trust (the "Health Trust") (collectively, the "Trusts"), are employee benefit plans within the meaning of 29 U.S.C. § 1001 *et seq.* The International Association of Sheet Metal Workers Local 16 ("Local 16") is described as "a labor organization . . . representing the employees of the Defendant." Dkt. #22, ¶ 3.

At all times relevant to this action, the defendant Coquille Sheet Metal, Inc. ("Coquille") was signatory to a collective bargaining agreement ("CBA") with Local 16. *See id.*, Ex. 1, Standard Form of Union Agreement dated July 1, 2010 - June 30, 2013. Among other things, the CBA required Coquille to pay contributions into the Trusts on behalf of its employees. *Id.* Coquille was required to submit reporting and make payments by the 15th day of each month following a month in which hours were worked. Payments were considered delinquent after the 20th of the month. *Id.*, Addenda III, ECF p. 54 of 93.

2 - FINDINGS AND RECOMMENDATION

The Trust Agreements for each of the Trusts were amended as of January 1, 2002, "to increase the minimum and maximum amount of liquidated damages applicable on and after January 1, 2002." Dkt. #22, Exs. 2 & 3; *see* Ex. 1, Addenda II and III, specifically incorporating "any Amendments" to the Trusts. Pursuant to the Amendments, upon Coquille's default, Coquille became liable, in addition to the amount of any unpaid contribution, for interest at 18% per annum from the date of the delinquency to the date of payment; liquidated damages equal to 20% of the unpaid contribution, subject to a $50 minimum and a $1,500 maximum ($25 and $750, respectively, prior to the Amendments); "reasonable attorney fees and costs"; and any other costs, expenses, or damages the Trust might incur as a result of the delinquency. *Id.*

In the plaintiffs' Complaint in this case, they allege Coquille failed to pay contributions to the Trusts as required by the CBA for the months of August and September 2010. Coquille submitted reports for those two months showing the employee hours worked and contribution amounts Coquille was required to pay. *See* Dkt. #22, Ex. 4. For August 2010, Coquille owed $1,823.44 to the Retirement Trust, and $14.59 to the Health Trust (shown as "Drug Testing" on the report), for total contributions owing in the amount of $1,838.03. *See* Dkt. #22, ¶ 11 & Ex. 4. For September 2010, Coquille owed $1,798.44 to the Retirement Trust, and $14.39 to the Health Trust, for total contributions owing in the amount of $1,812.83. *Id.* Thus, Coquille owes contributions for August and September 2010 in the total amount of $3,650.86. *Id.* Each of the contributions is subject to the $50 minimum and $1,500 maximum

3 - FINDINGS AND RECOMMENDATION

described above.  Calculation of the applicable liquidated damages amounts is as follows:

```
    Aug. 2010 Retirement Trust (due by 09/15/10):
        Contribution owed                          $1,823.44
        18% interest to 11/15/11¹                     382.92
        20% of contribution amount                    364.69
          (min./max. not applicable)
        Total due to 11/15/11                      $2,571.05

    Aug. 2010 Health Trust (due by 09/15/10):
        Contribution owed                             $14.59
        18% interest to 11/15/11²                       3.07
        20% of contribution amount                      (.00)
          (min. amount applicable)                     50.00
        Total due to 11/15/11                         $67.66

    Sept. 2010 Retirement Trust (due by 10/15/10):
        Contribution owed                          $1,798.44
        18% interest to 11/15/11³                     377.67
        20% of contribution amount                    359.69
          (min./max. not applicable)
        Total due to 11/15/11                      $2,535.80

    Sept. 2010 Health Trust (due by 10/15/10):
        Contribution owed                             $14.39
        18% interest to 11/15/11⁴                       3.02
        20% of contribution amount                      (.00)
          (min. amount applicable)                     50.00
        Total due to 11/15/11                         $67.41

    Total contributions and liquidated
    damages owing to 11/15/11                      $5,241.92
```

The plaintiffs seek attorneys' fees and costs in connection with this case, in accordance with the terms of the CBA and the Addenda.  The plaintiffs have incurred costs of $410.00,

---

[1] Interest continues to accrue at a rate of $.90 per day from 11/16/11 to the date of judgment.

[2] Interest continues to accrue at a rate of $.0007 per day from 11/16/11 to the date of judgment.

[3] Interest continues to accrue at a rate of $.89 per day from 11/16/11 to the date of judgment.

[4] Interest continues to accrue at a rate of $.007 per day from 11/16/11 to the date of judgment.

4 - FINDINGS AND RECOMMENDATION

representing their filing fee and service of process. The court finds these costs are reasonable and customary.

The plaintiffs state they have incurred attorney fees in the total amount of $2,683.00, including 2.1 hours for Legal Assistant time at the rate of $85.00 per hour; and 14.5 hours for attorney time, broken down as 6.6 hours at the rate of $170.00 per hour (counsels' rate through December 31, 2010), and 7.9 hours at the rate of $175.00 per hour (counsels' rate beginning January 1, 2011). However, neither the plaintiffs nor the defendant should be liable for the payment of fees for time expended by the plaintiffs' attorneys and legal assistants in preparing the initial motion for default judgment and supporting affidavit which the court previously found to be deficient. In addition, certain of the legal assistant fees appear to relate to matters other than prosecution of the current litigation.[5] The court therefore finds the plaintiffs' fees in connection with this action should be reduced to .6 hours of Legal Assistant time at $85.00/hour, for a total of $51.00; and attorney time of 6.6 hours at $170.00 per hour, totaling $1,122.00; and 5.2 hours at $175.00 per hour, totaling $910.00; for a total attorneys' fee of $2,083.00.

I therefore recommend judgment be entered for the plaintiffs and against the defendant as follows:

Damages in the amount of $5,241.92

---

[5] *See, e.g.*, the entries for 8/15/11 (.5 hours for "Review files and pleadings for status of each USDC case, notes to file"; and .3 hours for "Telephone conference with Len Phillips re: current contract and discuss with Attorney Larkin"); and 8/15/11 (.2 hours for another telephone conference and e-mail "re: contract").

5 - FINDINGS AND RECOMMENDATION

1  Costs in the amount of $410.00
2  Attorneys' fees in the amount of $2,083.00
3  Post-judgment interest as provided by law.

### *SCHEDULING ORDER*

These Findings and Recommendations will be referred to a district judge. Objections, if any, are due by **December 4, 2011**. If no objections are filed, then the Findings and Recommendations will go under advisement on that date. If objections are filed, then the Findings and Recommendations will go under advisement on the date of filing.

IT IS SO ORDERED.

Dated this 15th day of November, 2011.

/s/ Dennis J. Hubel

Dennis James Hubel
Unites States Magistrate Judge

6 - FINDINGS AND RECOMMENDATION